IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

STEPHANIE SANGER
A Michigan Resident,

    Plaintiff

V

THE KROGER CO.
a Ohio corporation, and
THE KROGER CO. OF MICHIGAN,
a Michigan Corporation

    Defendants.

Case No. 2020-cv-_____
Hon.

LAW OFFICE OF BRYAN MONAGHAN
Bryan Monaghan (P-42461)
Attorneys for Plaintiff
337 South Main Street, Suite 201
Rochester, Michigan  48307
(248) 608-5300 / Fax (248) 651-5531

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

**COMPLAINT AND JURY DEMAND**

NOW COMES PLAINTIFF, STEPHANIE SANGER, by her attorney, THE LAW OFFICE OF BRYAN MONAGHAN, and for her complaint against Defendants, states as follows:

**JURISDICTION**

1.    Plaintiff, STEPHANIE SANGER, is a resident of Waterford Township, County of Oakland, State of Michigan.

2. Defendant, THE KROGER CO. is an Ohio corporation doing business in the County of Oakland, Michigan, and the Defendant, THE KROGER CO. OF MICHIGAN, is a Michigan corporation doing business in the County of Oakland, State of Michigan (collectively "Kroger").

3. The acts and/or omissions complained of herein took place in the County of Macomb, State of Michigan.

4. The amount in controversy, exclusive of attorney fees, costs and interest, is in excess of $75,000.00.

5. Jurisdiction and venue are vested and otherwise proper in this Court pursuant to the Americans with Disabilities Act, 42 USC §12112 et seq. ("ADA").

## GENERAL ALLEGATIONS

6. Plaintiff repeats the allegations contained in paragraphs 1-5 and incorporates same herein by reference.

7. Kroger operates a grocery store facility located in the Township of Shelby, County of Macomb, State of Michigan.

8. Plaintiff was hired by Kroger in October 2005 and last worked as an Assistant Store Manager at the Kroger store in Shelby Township.

9. On February 20, 2019, Plaintiff went on medical leave for treatment related to degenerative arthritis in her knees.

10. On or about July 9, 2019, Plaintiff contacted a Kroger Human Resources Representative, and proposed several accommodations to her disability that would allow her to return to work, including a return to her Assistant Manager position but with permission to periodically utilize a motorized person transport vehicle, or with periodic daily desk work, or to transfer to an open position in Kroger's Human Resources for which she was qualified.

11. In response, Defendant's representative told Plaintiff that it was Kroger's policy that once an employee went out on medical leave, they could not return until they could do their prior job without limitation, and that job restructuring, job retraining or reassignment were not available options.

12. Thereafter, Plaintiff also sent a written letter to Kroger asking for accommodation but received no response.

13. At all times relative hereto, Defendant did not engage in any process of any kind which was reasonably designed to either determine how Plaintiff's disability limited her ability to work or to identify potentially appropriate accommodations.

14. Thereafter, in the absence of accommodation, Plaintiff was unable to return to work.

15. Thereafter, Plaintiff was informed that she needed to return to work by November 21, 2019, without accommodation, or elect to retire, or she would be terminated.

16. Thereafter, on or about November 21, 2019, Plaintiff elected to retire from her employment.

17. Plaintiff's election to retire, given the failure to provide any accommodation, and Defendants ultimatum to either retire or be terminated, constitutes a constructive discharge.

18. On or about February 20, 2020, Plaintiff filed a charge of disability discrimination under ADA with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff's charge is attached as Exhibit 1.

19. On or about August 23, 2020, the EEOC issued a Notice of Right to Sue to Plaintiff (attached as Exhibit 2).

**COUNT I**
**DISABILITY DISCRIMINATION (ADA)**

20. Plaintiff repeats the allegations contained in paragraphs 1 through 19 and incorporates same herein by reference.

21. Plaintiff is disabled person as defined under the ADA who was qualified to do her job with a reasonable accommodation.

22. Plaintiff was entitled to an accommodation and requested same from Defendants.

23. Defendants denied Plaintiff's an accommodation in violation of the ADA.

24. Defendants refused to engage in any interactive process with Plaintiff regarding either her disability or her accommodation, in violation of the ADA.

25. Defendants acted with malice or reckless indifference as to Plaintiff's right to accommodation, or her right to engage in an interactive process regarding an accommodation, in violation of the ADA.

26. Defendants thereafter constructively discharged and discriminated against Plaintiff because of her disability in violation of her rights under the ADA.

27. Defendants discriminated against Plaintiff based on her disability, in violation of the ADA, including refusing to engage in any interactive process with Plaintiff regarding her disability, refusing to accommodate Plaintiff's disability, and constructively discharging Plaintiff.

28. As a direct and proximate result of Defendants violations of the ADA, Plaintiff has suffered damages.

WHEREFORE, Plaintiff requests that this Court grant Judgment in her favor as against the Defendant and award to her all damages to which she is entitled under the ADA, including but not limited to lost back pay and benefits, reinstatement with accommodation or lost front pay and benefits, in an amount in excess of $75,000.00, punitive damages as well as costs, interest and attorney fees.

## COUNT II
## DISABILITY DISCRIMINATION (MPWDCRA)

29. Plaintiff repeats the allegations contained in paragraphs 1 through 28 and incorporates same herein by reference.

30. Plaintiff was a person with disabilities under Michigan's Persons with Disabilities Act, MCL 37. 1101, et seq ("MPWDCRA").

31. Plaintiff was entitled to obtain accommodation to her disability under the MPWDCRA.

32. Defendants denied Plaintiff an accommodation in violation of the MPWDCRA.

33. Defendants constructively discharged and discriminated against Plaintiff because of her disability, in violation of the MPWDCRA.

34. As a direct, causal and proximate result of Defendants violations of the MPWDCRA Plaintiff has suffered damages.

WHEREFORE, Plaintiff requests that this Court grant Judgment in her favor as against the Defendant and award to her all damages to which she is entitled, including but not limited to lost back pay and benefits, lost front pay and benefits, in an amount in excess of $75,000.00, as well as costs, interest and attorney fees.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. Plaintiff repeats the allegations contained in paragraph 1 through 34 and incorporates same herein by reference.

36. Defendants, by their acts and/or omissions, including those referenced herein, intended to cause Plaintiff to suffer severe emotional distress.

37. Defendants' acts and/or omissions were and are outrageous and utterly intolerable in a civilized society.

38. As a direct and proximate result of Defendants conduct, Plaintiff in fact has suffered severe emotional distress.

WHEREFORE, Plaintiff respects that this Court grant Judgment as to Plaintiff against the Defendants, jointly and severally and award Plaintiff all damages to which she is entitled.

                                        Respectfully submitted,
                                        THE LAW OFFICE OF BRYAN MONAGHAN

Dated: October 5, 2020               By:    /s/ Bryan Monaghan
                                                          337 South Main Street, Suite 201
                                                          Rochester, Michigan  48307
                                                          (248) 608-5300
                                                          bryan@bryanmonaghanlaw.com
                                                          P-42461

## **JURY DEMAND**

      NOW COMES the Plaintiff, STEPHANIE SANGER, by her attorneys, THE LAW OFFICE OF BRYAN MONAGHAN, and hereby demands trial by jury in this matter.

                                        Respectfully submitted,
                                        THE LAW OFFICE OF BRYAN MONAGHAN

Dated: October 5, 2020               By:    /s/ Bryan Monaghan
                                                          337 South Main Street, Suite 201
                                                          Rochester, Michigan  48307
                                                          (248) 608-5300
                                                          bryan@bryanmonaghanlaw.com
                                                          P-42461